IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 26 A 10:54

CLERK_____
SO. DIST. OF GA.

LUIS ALONSO DIAZ,

  Petitioner,

vs.

STATE OF TEXAS,

  Respondent.

CIVIL ACTION NO.: CV213-044

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Luis Diaz ("Diaz"), who is currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons which follow, Diaz's petition should be **DISMISSED**. For these same reasons, Diaz's Motion to Proceed *In Forma Pauperis* and his Motion for Appointment of Counsel are **DENIED**.

## STATEMENT OF THE CASE

Diaz is currently serving a 21 month federal sentence after his guilty plea to and convictions for: illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). (Case No. 9:11-cr-80196, Doc. No. 34) (S.D. Fla.). In this petition, Diaz attacks his 1991 State of Texas conviction for injury to a child. Diaz asserts that this sentence has been completed. (Doc. No. 1, p. 5).

## DISCUSSION AND CITATION OF AUTHORITY

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Thomas, 371 F.3d at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

Under § 2254, the United States district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a). A petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time

AO 72A
(Rev. 8/82)

his petition is filed. <u>Green v. Price</u>, 439 F. App'x 777, 781 (11th Cir. 2011) (quoting <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989)).[1]

Here, Diaz is not in custody pursuant to a state conviction; he is in federal prison pursuant to a federal conviction. Consequently, this court is without jurisdiction to consider the merits of his petition. Should Diaz wish to attack his state court conviction, he may do so by filing the appropriate cause of action in the appropriate Texas court.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Diaz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] An exception to this general rule appears to be in those situations where a petitioner challenges a conviction used to enhance a later-imposed sentence. See <u>Green</u>, 439 F. App'x at 782. However, such a situation is not before the Court. Even if this were the case, however, Diaz would still have to avoid the procedural limitations to proceed in this case.

3

AO 72A
(Rev. 8/82)